UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

Eastern District of Kentucky
FILED
MAR - 4 2021
AT LEXINGTON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

UNITED STATES OF AMERICA

V.                                  INDICTMENT NO. 21-24-DCR

LARRY A. CRUMP and
GARRY R. CRUMP

\* \* \* \* \*

**THE GRAND JURY CHARGES:**

### COUNT 1
### 18 U.S.C. § 1951

1. At all times material to this Indictment, the Cash A Check located on 125 East Main Street, in Mt Sterling, Kentucky, was a business engaged in the cashing of monetary instruments for a fee, in interstate commerce, an industry which affects commerce.

2. On or about November 16, 2020, in Montgomery County, in the Eastern District of Kentucky,

**LARRY A. CRUMP**

did unlawfully obstruct, delay, and affect commerce and the movement of articles and commodities in such commerce, by robbery, in that he did unlawfully take and obtain

personal property consisting of approximately $1,100 in United States currency from the person and presence of an employee and possessor of property of the Cash A Check, against her will by means of actual and threatened force, violence, and fear of injury, immediate and future, to the employee, all in violation of 18 U.S.C. § 1951.

## COUNT 2
## 18 U.S.C. § 924(c)(1)

On or about November 16, 2020, in Montgomery County, in the Eastern District of Kentucky,

**LARRY A. CRUMP**

in furtherance of a violent crime which he may be prosecuted in a court of the United States, did knowingly possess a firearm, to wit, a Kimber .380 caliber semi-automatic pistol, Model Micro ACP, Serial Number, P104349, all in violation of 18 U.S.C. § 924(c)(1).

## COUNT 3
## 18 U.S.C. § 2113(a)

On or about November 20, 2020, in Montgomery County, in the Eastern District of Kentucky,

**LARRY A. CRUMP**

did by force, violence, and intimidation take from the person or presence of another, money, belonging to, and in the care, custody, control, management and possession of the Peoples Bank, 202 Bentley Drive, in Mount Sterling, Kentucky, the deposits of which were insured by the Federal Deposit Insurance Corporation, all in violation of 18 U.S.C.

2113(a).

## COUNT 4
## 18 U.S.C. § 924(c)(1)

On or about November 20, 2020, in Montgomery County, in the Eastern District of Kentucky,

**LARRY A. CRUMP**

in furtherance of a violent crime which he may be prosecuted in a court of the United States, Bank Robbery, did knowingly possess a firearm, to wit, a Kimber, .380 semi-automatic pistol, Model Micro ACP, Serial Number, P104349, all in violation of 18 U.S.C. § 924(c)(1).

## COUNT 5
## 18 U.S.C. § 922(g)(1)

Between on or about November 16 – 20, 2020, in Montgomery County, in the Eastern District of Kentucky,

**LARRY A. CRUMP,**

knowing that he had previously been convicted of a felony offense punishable by a term of one year or more, did knowingly possess in and affecting commerce, a firearm, to wit, a Kimber, .380 semi-automatic pistol, Model Micro ACP, Serial number, P104349, all in violation of 18 U.S.C. § 922(g)(1).

## COUNT 6
## 18 U.S.C. § 3

On or about November 20, 2020, in Bath County, in the Eastern District of

Kentucky,

**GARRY R. CRUMP,**

knowing that an offense against the United States had been committed, to wit, Bank Robbery, did receive, relieve, comfort, and assist **LARRY A. CRUMP** in order to hinder and prevent his apprehension, trial, and punishment, all in violation of 18 U.S.C. § 3.

### COUNT 7
### 18 U.S.C. § 1001

On or about December 2, 2020, in Bath County, in the Eastern District of Kentucky,

**GARRY R. CRUMP**

did willfully and knowingly make materially false, fictitious statements and representations in a matter within the jurisdiction of the executive branch of the Government of the United States, by falsely stating to Federal Bureau Investigation (FBI) Special Agent John Whitehead, that the cash he turned over to law enforcement agents was all the cash he had received from LARRY A. CRUMP, after LARRY A. CRUMP had committed the offense of bank robbery. The statements and representations were false because, as the Defendant then and there knew, he had concealed on his property additional amounts of cash he had received from LARRY A. CRUMP, all in violation of 18 U.S.C. § 1001(a)(2).

### COUNT 8
### 18 U.S.C. § 1001

On or about December 3, 2020, in Bath County, in the Eastern District of

Kentucky,

## GARRY R. CRUMP

did willfully and knowingly make materially false, fictitious statements and representations in a matter within the jurisdiction of the executive branch of the Government of the United States, by falsely stating to Federal Bureau Investigation (FBI) Special Agent John Whitehead, that he did not possess additional cash he had received from LARRY A. CRUMP, after LARRY A. CRUMP had committed the offense of bank robbery. The statements and representations were false because, as the Defendant then and there knew, he had concealed on his property additional amounts of cash he had received from LARRY A. CRUMP, all in violation of 18 U.S.C. § 1001(a)(2).

A TRUE BILL

FOREPERSON

_____
**CARLTON S. SHIER, IV**
**ACTING UNITED STATES ATTORNEY**

## PENALTIES

**COUNT 1:** Not more than 20 years imprisonment, $250,000 fine, not less than 3 years supervised release.

**COUNTS 2 & 4:** Not less than 5 years imprisonment, but not more than Life imprisonment, not more than a $250,000 fine, and not more than 5 years supervised release, consecutive to a term of imprisonment for a qualifying underlying conviction.

**If firearm was brandished:**
Not less than 7 years imprisonment, but not more than Life imprisonment, not more than a $250,000 fine, and not more than 5 years supervised release, consecutive to a term of imprisonment for a qualifying underlying conviction.

**COUNT 3:** Not more than 20 years imprisonment, not more than a $250,000 fine, and not more than 3 years supervised release.

**COUNT 5:** Not more than 10 years imprisonment, not more than a $250,000 fine, and not more than 3 years supervised release,

**COUNT 6:** Not more than 15 years imprisonment, not more than a $10,000,000 Fine, not more than 3 years supervised release.

**COUNTS 7-8:** Not more than 5 years imprisonment, not more than a $250,000 Fine, not more than 3 years supervised release.

**PLUS:** Mandatory special assessment of $100 per count.